IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61777-BLOOM/Valle

JOHN PAOLETTI, individually and on behalf all others similarly situated,

    *Plaintiff*,

v.

EVERGLADES COLLEGE, INC., a Florida not-for-profit corporation, d/b/a KEISER UNIVERSITY,

*Defendant*.

_____/

## PARTIES' JOINT SCHEDULING REPORT

Plaintiff John Paoletti ("Plaintiff") and Defendant Everglades College, Inc., d/b/a Keiser University ("Defendant"), hereby submit their Joint Scheduling Report pursuant to S.D. Fla. L.R. 16.1(b) and the Court's Order dated August 17, 2016, (Dkt. 9). The Parties met telephonically on August 31, 2016 and report as follows:

### Local Rule 16.1(b)(2) Conference Report Issues

**(A)** **The likelihood of settlement.** The Parties have not engaged in any settlement discussions and believe it is premature to predict whether settlement is likely. Notwithstanding, Plaintiff is open to discussing the potential resolution of this action through settlement.

**(B)** **The likelihood of appearance in the action of additional parties.** The Parties do not anticipate the appearance of additional parties in the action at this time, but may seek to join additional parties consistent with their proposed Scheduling Order, attached hereto as Exhibit A, and contemporaneously submitted via email.

**(C)** **Proposed limits on time (i) to join other parties and amend the pleadings, (ii) to file and hear motions; and (iii) to complete discovery.**

1

The proposed time limits and discovery schedule are set forth in Attachment A.

**(D)     Proposals for the formulation and simplification of issues, etc.**

The Parties will work in good faith to eliminate the presence of any frivolous issues and, if necessary, will work to reach agreement on the number and timing of motions for summary judgment or partial summary judgment.

**(E)     Necessity or desirability of amendments to the pleadings.**

Plaintiff does not foresee the necessity of amending the pleadings at this time, but reserves the right to amend or seek leave to amend in the future.

**(F)     Possibility of obtaining admissions of fact and documents, electronically stored information, etc.**

Counsel will cooperate in good faith to obtain admissions and stipulations which will serve to limit the issues in the dispute and avoid unnecessary proof.

Plaintiff will provide Defendant with a proposed ESI protocol, governing the form, timing, and manner of ESI production, and the Parties shall work toward an agreement on these matters. After the first round of interrogatory responses have been exchanged, the Parties shall reach an agreement as to the custodians whose ESI will be searched and the search terms to be employed to identify responsive relevant ESI. In the interim, Defendant will implement a litigation hold to preserve relevant ESI, and Plaintiff will likewise advise Defendant of the actions he took to preserve ESI.

**(G)     Suggestions for the avoidance of unnecessary proof and cumulative evidence.**

Counsel will cooperate in good faith to eliminate unnecessary proof and cumulative evidence.

**(H)     Suggestions on the advisability of referring matters to a Magistrate Judge or Master.**

Plaintiff respectfully declines to proceed before a Magistrate Judge for all purposes in this matter, but is open to referrals to a Magistrate Judge Valle as the Court deems appropriate.

**(I)     Preliminary estimate of the time required for trial.**

Plaintiff anticipates that the trial in this matter will take three to ten days.

**(J)     Requested date(s) for conferences before trial, final pretrial conference, and trial.**

The requested dates are set forth in Attachment A.

**(K)     Any other information helpful to the Court in setting the case for status.**

The parties do not believe that any other information would be helpful to the Court at this time.

Dated: September 7, 2016

Respectfully submitted,

**JOHN PAOLETTI,** individually and on behalf all others similarly situated,

By: s/ David P. Healy
    One of Plaintiff's attorneys

David P. Healy (Florida Bar No. 940410)
dhealy@davidhealylaw.com
DUDLEY, SELLERS, HEALY & HEATH, PLC
SunTrust Financial Center
3522 Thomasville Road, Suite 301
Tallahassee, Florida 32309
Tel: 850.222.5400
Fax: 850.222.7339

Benjamin H. Richman*
brichman@edelson.com
Elizabeth A. Winkowski*
ewinkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Fax: 312.589.6378

Jarrett L. Ellzey*
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
Galleria Tower I
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
Tel: 713.554.2377
Fax: 888.995.3335

*Pro hac vice *admission to be sought.*

*Attorneys for Plaintiff and the Putative Classes*

Dated: September 7, 2016

**EVERGLADES COLLEGE, INC.,** a Florida not-for-profit corporation, d/b/a KEISER UNIVERSITY,

By: s/ Justin C. Sorel
   One of Defendant's attorneys

Barry A. Postman
Justin C. Sorel
COLE SCOTT & KISSANE
Esperante Building
222 Lakeview Ave., Suite 120
West Palm Beach, FL 33401561-383-9200
Fax: 561-683-8977
Email: barry.postman@csklegal.com
justin.sorel@csklegal.com

## SIGNATURE ATTESTATION

     I, David P. Healy, an attorney, hereby attest that the content of this document is acceptable to all persons whose signatures are indicated by a confirmed signature (s/) within this e-filed document.

s/ David P. Healy

## **CERTIFICATE OF SERVICE**

      I, David P. Healy, an attorney, hereby certify that on September 7, 2016, I served the above and foregoing to by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                s/ David P. Healy