IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61777-BLOOM/Valle

JOHN PAOLETTI, individually and on behalf all others similarly situated,

    *Plaintiff*,

v.

EVERGLADES COLLEGE, INC., a Florida not-for-profit corporation, d/b/a KEISER UNIVERSITY,

    *Defendant*.

_____/

## ORDER SETTING TRIAL AND PRE-TRIAL SCHEDULE, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE

**THIS CAUSE** is set for trial during the Court's two-week trial calendar beginning on **September 25, 2017 at 9:00 a.m.** Calendar call will be held at **1:15 p.m. on September 18, 2017**. No pre-trial conference will be held unless a party requests one and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted in **Courtroom 207(A), United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301**. The parties shall adhere to the following schedule:

> **October 7, 2016**. The parties shall select a mediator pursuant to Local Rule 16.2, shall schedule a time, date and place for mediation, and shall jointly **file a proposed order scheduling mediation** in the form specified on the Court's website, http://www.flsd.uscourts.gov. If the parties cannot agree on a mediator, they shall notify the Clerk in writing as soon as possible, and the Clerk shall designate a certified mediator on a blind rotation basis. Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2. Within **seven (7) days** of mediation, the parties are required to file a mediation report with the Court. Additionally, pursuant to the procedures outlined in the CM/ECF Administrative Procedures, the proposed order is be emailed to bloom@flsd.uscourts.gov in Word format.

1

**November 7, 2016.** All motions to amend pleadings or join parties are filed.

**Deadline to Move for Class Certification.** Defendant proposes that Plaintiff file his motion for class certification on **December 6, 2016.**

Plaintiff objects to this date for a number of reasons, including the fact that Defendant was unwilling to confer on this issue beyond simply stating that it "believes that it's sufficient" time to complete the necessary written, oral and expert discovery typically required in cases under the TCPA—e.g., discovery regarding the type of dialing equipment used to make each of the calls at issue, its functional capabilities and any expert analysis of the same. Defendant also summarily refused to consider any stipulations as to class certification issues— e.g., stipulating to numerosity being satisfied—as parties so often do in this type of litigation and that would have limited the time and effort necessary for class certification discovery. Nor was Defendant willing to identify any other cases where similar class certification deadlines have been entered, whether litigated by its own counsel or otherwise. In any event, given the nature and complexity of this litigation, Plaintiff believes that a more appropriate (but still relatively brief) deadline for Plaintiff to file a motion for class certification would be **February 3, 2017**, which is consistent with the schedules set by this Court and others in this District. *See, e.g.*, *Wilson et al. v. Everbank N.A., et al.*, 14-cv-22264, Dkt. 81 (S.D. Fla. Jan. 6, 2015) (Bloom, J.) (ordering class certification motion to be filed approximately five months from date of scheduling order); *Gill-Samuel v. Nova Biomedical Corp.*, 298 F.R.D. 693, 698 (S.D. Fla. 2014) ("In order to promote the expeditious determination of class certification, some districts require plaintiffs to move for class certification within ninety days of filing the complaint, but this district is not one of them.").

In response to the above, Defendant states as follows: Defendant believes that it is inappropriate in this forum to argue the justifications and/or objections to the deadline dates proposed for the class certification motion. To the extent the Court requests a Motion or hearing on this subject matter, Defendant would provide the Court with the same.

**March 7, 2017**. Plaintiff shall disclose expert witnesses and expert witness. summaries or reports.

**April 7, 2017**. Defendant shall disclose expert witnesses and expert witness summaries or reports.

**May 8, 2017**. All parties shall disclose any rebuttal expert witnesses and exchange any rebuttal expert witness reports

**May 29, 2017**. All discovery, including expert discovery, is completed.

**May 29, 2017**. Parties must have completed mediation and filed a mediation report.

**June 19, 2017**. All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed. Each party is limited to filing one *Daubert* motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.**

**This deadline includes all dispositive motions.** The Court hereby reminds the parties that strict compliance with Local Rule 56.1 is mandated. In addition, any motion for summary judgment accompanied by more than three (3) exhibits shall also be accompanied by a separately-filed index of exhibits. Each entry shall provide a title and brief description of the document contained therein, and, if available, reference to the docket entry under which the document was filed—e.g. "ECF No. [50-2]."[1]

**August 16, 2017**. Parties submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than *Daubert* motions). Each party is limited to filing one motion *in limine*. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

**Jury Instructions and Verdict Form**. The parties shall submit their proposed jury instructions and verdict form jointly, although they need not agree on each proposed instruction. Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type. Instructions proposed only by a plaintiff shall be underlined. Instructions proposed only by a defendant shall be italicized. Every instruction must be supported by citation to authority. The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein. Proposed jury instructions and verdict form, in typed form, including substantive charges and defenses, shall be submitted to the

---

[1] The Court's electronic filing system, CM/ECF, times out after approximately twenty (20) minutes of inactivity. If a party is attempting to upload a sizable document, CM/ECF may time out if upload has not completed within the aforementioned period. Parties may avoid this issue by breaking large filings into smaller documents.

3

Court prior to calendar call, in Word format, via e-mail to bloom@flsd.uscourts.gov. Instructions for filing proposed documents may be viewed at http://www.flsd.uscourts.gov.

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all discovery matters are referred to Magistrate Judge Alicia O. Valle. Furthermore, pursuant to 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Alicia O. Valle. **The deadline for submitting a consent is April 7, 2017**.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be made only with the Court's approval. *See* FED. R. CIV. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with regard to motion practice. *See* S.D. FLA. L.R. 7.1.

**Discovery Disputes**. Magistrate Judge Alicia O. Valle requires an **expedited briefing schedule** and **shortened page limitation** for discovery motions (which must contain the Local Rule 7.1(a)(3) certification of good faith conference) to prevent delay to the pretrial schedule. The parties shall file responses and replies to discovery motions no later than **seven (7) days** after a motion, or response, is filed. Any discovery motion and response, including the incorporated memorandum of law, shall not exceed **ten (10) double-spaced pages**. Any reply memoranda shall not exceed **five (5) double-spaced pages**. The Court may impose sanctions, monetary or otherwise, if it determines discovery is being improperly sought or is being withheld in bad faith.

**DONE AND ORDERED** in Miami, Florida, this XXth day of XXXXX, XXXX.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record