UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN PAOLETTI, individually and on behalf all others similarly situated,

    Plaintiff,

v.

EVERGLADES COLLEGE, INC., a Florida not-for-profit corporation, d/b/a KEISER UNIVERSITY,

    Defendant.

_____/

Case No.: 0:16-cv-61777

**DEFENDANT EVERGLADES COLLEGE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, EVERGLADES COLLEGE, INC. d/b/a KEISER UNIVERSITY (hereinafter "Keiser"), by and through its undersigned counsel hereby files its Answer, Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Class Action Complaint, and states as follows:

**NATURE OF THE ACTION**

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.
6. Denied.
7. Denied.

**PARTIES**

8. Without knowledge, therefore denied.

9.  Admit.

## JURISDICTION AND VENUE

10. Defendant admits the Court has jurisdiction but denies all remaining allegations.

11. Defendant admits that venue is proper but denies all remaining allegations.

## COMMON FACTUAL ALLEGATIONS

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Without knowledge, therefore denied.

22. Denied.

23. Denied.

## FACTS SPECIFIC TO PLAINTIFF PAOLETTI

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Denied.

27. Denied.

28. Denied.

29. Without knowledge, therefore denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

### CLASS ACTION ALLEGATIONS

34. Defendant admits that Plaintiff has sued on behalf of himself and two classes but denies Plaintiff's allegations and class certification.

35. Denied.

36. Denied.

    (a) Denied.

    (b) Denied.

    (c) Denied.

    (d) Denied.

    (e) Denied.

37. Denied.

38. Denied.

### FIRST CAUSE OF ACTION
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Auto dialer Class)**

39. Defendant re-alleges and adopts its responses to Paragraphs 1 through 38 as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On behalf of Plaintiff and the Do-Not-Call Class)

46. Defendant re-alleges and adopts its responses to Paragraphs 1 through 38 as if fully set forth herein.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## AFFIRMATIVE DEFENSES

1. Keiser affirmatively states that Plaintiff's claims are barred as the Plaintiff does not have standing to bring such claims as he cannot establish he received a call on his cellular phone from Keiser using an automatic telephone dialing system or an artificial or prerecorded voice.

2. Keiser affirmatively states that Keiser is entitled to a set off for the benefits the Plaintiff and/or class members have received from a collateral source.

3. Keiser affirmatively states that Plaintiff and/or potential class members' claims are barred given calls placed to a wireless number that has been ported from a wireline service, not

knowingly made to a wireless number, and made within 15 days of the porting of the number from wireline to wireless service pursuant to 47 C.F.R. §64.1200(a)(1)(iv).

4.     Keiser affirmatively states that Plaintiff and/or potential class members' claims are barred given calls made with prior express consent of the party called by or on behalf of Keiser, a tax-exempt nonprofit organization pursuant to 47 C.F.R. §64.1200(a)(2).

5.     Keiser affirmatively states that the Plaintiff and/or potential class members' claims are barred given that Plaintiff and/or potential class members' provided prior express consent to receive the calls by filling out information online or otherwise consenting to receiving such calls pursuant Murphy v. DCI Biologicals Orlando, LLC, 2013 U.S. Dist. LEXIS 181732 (M.D. Fla. 2013).

6.     Keiser affirmatively states that Plaintiff and/or potential class members' claims for actual damages are barred or diminished due to Plaintiff's failure to mitigate damages pursuant to George v. Leading Edge Recovery Solutions, L.L.C., 2013 WL 3777034 (M.D. Fla. 2013).

7.     Keiser affirmatively states that Plaintiff and/or potential class members' claims are barred for calls which discovery reveals were made to a residential line to an individual who has a prior business relationship with Keiser pursuant to George v. Leading Edge Recovery Solutions, L.L.C., 2013 WL 3777034 (M.D. Fla. 2013).

8.     Keiser affirmatively states that Plaintiff's class allegations are barred as the legislative intent of the Telephone Consumer Protection Act is for the consumer to appear without an attorney in a small claims court. *Local Baking Products, Inc. v. Kosher Bagel Munch, Inc.*, 421 N.J.Super. 268, 273 (N.J. Super. App. Div. 2011); *Local Baking Products, Inc. v. Westfield Rental-Mart, Inc.*, Case No. L-4701-09, 2013 WL 709257, at *2 (N.J. Super. App. Div. 2013).

9. Keiser specifically reserves the right to amend the Affirmative Defenses pled above and to assert additional Affirmative Defenses that become known to them during the course of discovery.

**WHEREFORE**, Keiser requests all relief to which it is entitled, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Keiser hereby demands trial by jury to all issues by right so triable.

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

                                    COLE, SCOTT & KISSANE, P.A.
                                    Attorneys for Defendant
                                    Esperante Building
                                    222 Lakeview Ave., Suite 120
                                    West Palm Beach, Florida 33401
                                    Telephone: (561) 383-9200
                                    Facsimile: (561) 683-8977

                                  By:   /s/Barry Postman
                                        BARRY A. POSTMAN
                                        FBN: 991856
                                        JUSTIN C. SOREL
                                        FBN: 0016256

**SERVICE LIST**
David P. Healy
dhealy@davidhealylaw.com
Dudley, Sellers, Healy & Heath, PLC
SunTrust Financial Center
3522 Thomasville Road, Suite 301
Tallahassee, FL 32309

Benjamin H. Richman
brichman@edelson.com
Elizabeth A. Winkowski
ewinkowki@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654

Jarrett L. Ellzey
jarrett@hughesellzey.com
Hughes Ellzey, LLP
Galleria Tower I
2700 ost Oak Blvd., Ste. 1120
Houston, Texas 77056