UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOHN PAOLETTI, individually and on behalf all others similarly situated,

    Plaintiff,

v.

EVERGLADES COLLEGE, INC., a Florida not-for-profit corporation, d/b/a KEISER UNIVERSITY,

    Defendant.
_____/

Case No.: 0:16-cv-61777

## DEFENDANT'S MOTION TO STRIKE CLAIM FOR ATTORNEYS' FEES

COMES NOW Defendant, EVERGLADES COLLEGE d/b/a KEISER UNIVERSITY by and through the undersigned counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure hereby files this Motion to Strike Claim for Attorneys' Fees and in support thereof states as follows:

## BACKGROUND

Plaintiff alleges two causes of action, both for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227. Docket Entry #1. The Plaintiff's Prayer for Relief as well as Paragraph 7 of the Complaint requests reasonable attorneys' fees. Id. Defendant files this Motion to Strike Claim for Attorneys' Fees.

## MEMORANDUM OF LAW

Federal courts follow the "American Rule" regarding attorneys' fees, i.e. that a prevailing party may not ordinarily recover attorneys' fees in the absence of a statute or enforceable contract providing for a fee award. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985); Valencia v. Affiliated Group, Inc., 674 F. Supp. 2d 1300, 1303 (S.D. Fla. 2009). The

Plaintiff requested attorneys' fees for the alleged violations of the Telephone Consumer Protection Act. However, neither a contract nor statute provides for attorneys' fees for these causes of action. As a result, Plaintiffs' request for attorneys' fees must be stricken.

> The Telephone Consumer Protection Act states in relevant part:
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
>
> (A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)     both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Clearly the plain language of the statute does not provide for prevailing party attorneys' fees. Furthermore, the case law interpreting the statute is clear that the Telephone Consumer Protection Act does not provide for prevailing party's attorneys' fees. Dennis v. Syndicated Office Systems, Inc., Case No. 09-61345-CIV, 2010 WL 3632478, at *1 (S.D. Fla. Sept. 14, 2010)("Plaintiff's claim for fees and costs excludes any services rendered pursuant to the TCPA since the statute does not authorize the awarding of fees for such claims. Plaintiff has appropriately eliminated and excluded fees based upon 7 hours and 35 minutes attributable to the TCPA claim."); Bauer v. Midland Credit Management, Inc., Case No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *7 (M.D. Fla. Dec. 4, 2012)("defendant argues, correctly, that a reduction of hours is appropriate to account for attorney work on the three TCPA claims because the TCPA does not contain a fee-shifting provision"); Bianchi v. Bronson & Migliaccio, LLP, Case No. 09-

61164-CIV, 2011 WL 379115, at *3 (S.D. Fla. Feb. 2, 2011)(Plaintiff acknowledges that the TCPA claim does not call for statutory attorney's fees); <u>Scalfani v. I.C. Sys.</u>, Case No. 09-60174, 2010 U.S. Dist. LEXIS 35181 at *6 (noting that the TCPA does not permit the recovery of attorney's fees); <u>Family Med. Pharm., LLC v. Perfumania Holdings, Inc.</u>, Case No. 15-0563-WS-C, 2016 U.S. Dist. LEXIS 87028 n. 3 (S.D. Ala. July 5, 2016)(holding that attorney's fees are unavailable under the TCPA).  Given that the Telephone Consumer Protection Act does not provide for prevailing parties' attorneys' fees, Plaintiff's claims for attorneys' fees must be stricken.

WHEREFORE, for the foregoing reasons, Defendants' request this Honorable Court grant this Motion to Strike Plaintiffs' Claims for Attorney's Fees, and for any further relief this Court deems just and equitable.

**CERTIFICATE OF CONFERENCE**

Counsel for the Defendant has conferred with counsel for the Plaintiff in a good faith effort to resolve the issues raised in the motion and counsel for the Plaintiff objects to the relief sought herein.

Case No. 0:16-cv-61777

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant
Esperante Building
222 Lakeview Ave., Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9200
Facsimile: (561) 683-8977

By:   /s/Barry Postman_____
       BARRY A. POSTMAN
       FBN: 991856
       JUSTIN C. SOREL
       FBN: 0016256

**SERVICE LIST**
David P. Healy
dhealy@davidhealylaw.com
Dudley, Sellers, Healy & Heath, PLC
SunTrust Financial Center
3522 Thomasville Road, Suite 301
Tallahassee, FL 32309

Benjamin H. Richman
brichman@edelson.com
Elizabeth A. Winkowski
ewinkowki@edelson.com
Edelson PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654

Jarrett L. Ellzey
jarrett@hughesellzey.com
Hughes Ellzey, LLP
Galleria Tower I
2700 ost Oak Blvd., Ste. 1120
Houston, Texas 77056