IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61777-BLOOM/Valle

JOHN PAOLETTI, individually and on behalf of all others similarly situated,

    *Plaintiff*,

v.

EVERGLADES COLLEGE, INC., a Florida not-for-profit corporation, d/b/a KEISER UNIVERSITY,

    *Defendant*.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE CLAIM FOR ATTORNEYS' FEES**

In this putative class action, Plaintiff John Paoletti ("Plaintiff") alleges that Defendant Everglades College, Inc., d/b/a Keiser University ("Defendant") violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, by placing unwanted telemarketing calls to consumers without their consent, and despite the fact that their numbers were listed on the National Do-Not-Call Registry. Despite answering, in a separate (and technically untimely) motion, Defendant now attempts to divert attention away from the substantive allegations of Plaintiff's complaint by moving to strike Plaintiff's claim for attorneys' fees under Federal Rule of Civil Procedure 12(f). In moving to strike Plaintiff's fee claim, Defendant urges this Court to impose a drastic remedy, without making any effort to show how Plaintiff's fee request meets the requisite standard for such requests—i.e. by showing that the material is "redundant, immaterial, impertinent, or scandalous"— nor does it even reference the appropriate standard in its motion. Instead, Defendant's argument is premised on the single and misguided conclusion that the TCPA provides the only valid basis for the inclusion of attorneys' fees in Plaintiff's complaint

1

and prayer for relief. Defendant is mistaken in many respects.

Foremost, Plaintiff's claim for attorney's fees is not "redundant, immaterial, impertinent, or scandalous" and courts have routinely denied Rule 12(f) motions to strike fee claims on this basis. Moreover, Plaintiff's claim for attorneys' fees is well grounded in the common fund doctrine, an exception to the American Rule that Defendant ignores. Finally, none of the cases supplied by Defendant are even remotely on point, and certainly provide no compelling reason to grant the "drastic" relief Defendant has presently requested.

As such, and for the reasons explained more fully below, Defendant's motion to strike should be denied.

**I.     BACKGROUND**

On July 25, 2016, Plaintiff filed a two-count complaint, individually and on behalf of two putative classes, alleging that Defendant violated the TCPA when it placed unwanted telemarketing calls to consumers (1) without their consent, and (2) despite the fact that their numbers were listed on the National Do-Not-Call Registry. (Dkt. 1.) Plaintiff seeks injunctive and monetary relief, as well as attorneys' fees. (*Id.* at 2, 15–16.) On September 12, 2016, Defendant answered. (Dkt. 17.) That same day, Defendant moved to strike Plaintiff's fee request. (Dkt.18.)

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A motion to strike is a drastic remedy that is disfavored by the courts," however, and it will usually be denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Agan v. Katzman & Korr, P.A.*, 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004)

2

(citations and internal quotations omitted); *see also Hilson v. D'more Help, Inc.*, No. 15-CIV-60155, 2015 WL 5308713, at *1 (S.D. Fla. Sept. 11, 2015) (Bloom, J.) ("Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored."); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-CV-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (noting that striking a submission is a "draconian sanction"). Where a responsive pleading is allowed, a motion to strike is to be filed "before responding to the pleading." Fed. R. Civ. P. 12(f)(2).

### III.   ARGUMENT

Defendant's motion to strike Plaintiff's request for attorneys' fees should be denied for at least four reasons. As an initial matter, Defendant filed the motion *after* answering, (*see* Dkts. 17, 18), rendering it procedurally improper under Federal Rule of Civil Procedure 12(f)(2), which requires a motion to strike to be filed "before responding." Fed. R. Civ. P. 12(f)(2). In moving to strike portions of a complaint that it has already answered, Defendant has forced the Parties and the Court to engage in unnecessary motion practice, wasting time and energy that could better be directed to the merits of the case. The motion to strike should be denied for this reason alone.

Second, a request for attorneys' fees is not the type of "redundant, immaterial, impertinent, or scandalous matter" for which a Fed. R. Civ. P. 12(f) motion to strike is warranted. Rather, courts within this Circuit and elsewhere routinely refuse to grant such requests. *See, e.g.*, *Commodores Entm't Corp. v. McClary*, No. 6:14-CV-1335-ORL-37, 2015 WL 470591, at *3 (M.D. Fla. Feb. 4, 2015) (denying motion to strike fee request, even though Plaintiff had alleged no statutory or contractual basis for it, because request was not "redundant, immaterial, impertinent, or scandalous"); *N. Assur. Co. of Am. v. Bayside Marine Const., Inc.*, No. CIV. A. 08-222-KD-B, 2009 WL 151023, at *5 (S.D. Ala. Jan. 21, 2009) ("Rule 12(f) is

3

simply not the proper vehicle to strike [defendant's] claims for attorneys' fees because a claim for attorneys' fees is not an 'insufficient defense' or a 'redundant, immaterial, impertinent or scandalous matter.'"); *see also J & J Sports Prods. Inc. v. Ward*, No. 10-CV-193-JPG, 2010 WL 4781140, at *5 (S.D. Ill. Nov. 17, 2010) ("It can hardly be said that a request for attorneys' fees represents a redundant, immaterial, impertinent, or scandalous matter."); *Cardinale v. La Petite Acad., Inc.*, 207 F. Supp. 2d 1158, 1163 (D. Nev. 2002) ("[T]he inclusion of claims for attorneys' fees in the [c]omplaint does not constitute an 'insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'"). Because Plaintiffs' claim for attorneys' fees is thus not encompassed in the type of material Rule 12(f) contemplates—and Defendant has not even attempted to show that it is—the motion to strike should be denied.[1]

Third, and even if Rule 12(f) applied, the sole argument advanced in Defendant's motion—that the TCPA provides the only valid basis for Plaintiff's fee claim—is just not accurate. Admittedly, while Defendant is correct that under the American Rule, "each party bears its own costs in litigation," the rule has numerous exceptions. *Woodard v. STP Corp.*, 170 F.3d 1043, 1045 (11th Cir. 1999); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002) (explaining that district courts have the inherent power to award attorneys' fees in three

---

[1] Unsurprisingly, TCPA class actions that have been certified in this District almost always included an unchallenged claim for attorneys' fees in the prayer for relief. *See, e.g.*, *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688 (S.D. Fla. 2015) (certifying TCPA class action where operative complaint sought "attorney fees and costs from the common fund"); *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2014 WL 7366255, at *1 (S.D. Fla. Dec. 24, 2014) (certifying TCPA class action where operative complaint sought "reasonable attorneys' fees"); *A Aventura Chiropractic Ctr., Inc. v. Med Waste Mgmt. LLC*, No. 12-21695-CIV, 2013 WL 3463489, at *5 (S.D. Fla. July 3, 2013) (same). Indeed, Defendant's own attorneys have included similar fee requests in their answers. *See, e.g.*, *Smith v. IS3, Inc.*, No. 9:14-cv-80693-WJZ, Dkt. 25 (S.D. Fla. Apr. 9, 2015) (defendant seeking "all relief to which it is entitled, including, but not limited to attorneys' fees and costs" in answer to class action complaint filed by Cole Scott & Kissane).

specific scenarios). Relevant to this putative class action, the "common fund exception . . . allows a court to award attorney's fees to a party whose litigation efforts directly benefit others." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)) (internal quotations omitted); *see also Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) (noting that "[a]ttorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund"); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (explaining that the common fund doctrine allows court to prevent inequity "by assessing attorney's fees against the entire fund, thus spreading fees proportionately among those benefited by the suit"). And, should Plaintiff ultimately recover a common fund for the benefit of the putative classes in this case, there can be no doubt that he would be able to recover fees on this basis. *See, e.g.*, *Cooper v. Nelnet, Inc.*, No. 6:14-CV-314-ORL, 2015 WL 4623700, at *3 (M.D. Fla. July 31, 2015) (awarding attorneys' fees as percentage of fund recovered). Given this exception to the American Rule, it would be premature to strike Plaintiff's claim for attorneys' fees at this time. *See Scarlett v. Seaboard Coast Line R. Co.*, No. 576-32, 1976 WL 701, at *4 (S.D. Ga. Oct. 27, 1976) (denying the defendant's "motion to strike the demand for attorneys' fees" where there was "clearly some conceivable state of facts could be proven which would entitle plaintiffs to relief under one of the exceptions to the general rule that attorneys' fees will not be awarded.").[2]

Finally, the five TCPA cases cited in Defendant's motion—all of which simply reiterate

---

[2] Although Defendant's motion should be denied for all the reasons stated herein, nothing would preclude Plaintiff from seeking attorneys' fees even if he had not initially sought them in his complaint. *Inland Dredging Co. v. Panama City Port Auth.*, 406 F. Supp. 2d 1277, 1280 (N.D. Fla. 2005) (citing *Capital Asset Research Corp. v. Finnegan,* 216 F.3d 1268 (11th Cir. 2000)) ("The controlling law in this circuit is that, under Rule 54(c), a party may recover attorney's fees without including in its pleadings a specific demand therefor.").

5

that there is no statutory basis for fees in the statute (*see* Def.'s Mot. at 2–3)—are not at all compelling. To start, not one case involved a motion to strike. Rather, four involved an *individual* plaintiff seeking fees and costs after judgment—not a class representative who could potentially secure a common fund benefitting others. *See Dennis v. Syndicated Office Sys., Inc.*, No. 09-61345-CIV-LENARD, 2010 WL 3632478, at *1 (S.D. Fla. Sept. 14, 2010); *Bianchi v. Bronson & Migliaccio, LLP*, No. 09-61164-CIV, 2011 WL 379115, at *10 (S.D. Fla. Feb. 2, 2011); *Bauer v. Midland Credit Mgmt., Inc*., No. 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *7 (M.D. Fla. Dec. 4, 2012); *Sclafani v. I.C. Sys., Inc.*, No. 09-60174-CIV, 2010 WL 1029345 (S.D. Fla. Mar. 18, 2010). And, *Family Medicine Pharmacy, LLC v. Perfumania Holdings, Inc.*—the only class action case Defendant references—considered whether a defendant's Rule 68 offer of judgment mooted the plaintiff's claims, merely noting that the offer "did not provide for attorney's fees because . . . that remedy is unavailable under the [TCPA]." No. CV 15-0563-WS-C, 2016 WL 3676601, at *2 n.3 (S.D. Ala. July 5, 2016). But neither that extra-jurisdictional case—nor any of the others cited by Defendant—stands for the proposition that attorneys' fees can never be awarded in TCPA actions, and they should not be found persuasive here.

In sum, because Plaintiff's fee request is not "redundant, immaterial, impertinent, or scandalous," such requests are typically made in similar class actions, and a valid basis for fees exists outside the TCPA, the Court should deny Defendant's motion to strike.

### IV.   CONCLUSION

For the foregoing reasons, the Defendant's motion to strike Plaintiff's claim for attorneys' fees should be denied.

Dated:  September 29, 2016                    Respectfully submitted,

**JOHN PAOLETTI,** individually and on behalf all others similarly situated,

By: s/ David P. Healy
    One of Plaintiff's attorneys

David P. Healy (Florida Bar No. 940410)
dhealy@davidhealylaw.com
DUDLEY, SELLERS, HEALY & HEATH, PLC
SunTrust Financial Center
3522 Thomasville Road, Suite 301
Tallahassee, Florida 32309
Tel: 850.222.5400
Fax: 850.222.7339

Benjamin H. Richman (admitted *pro hac vice)*
brichman@edelson.com
Elizabeth A. Winkowski\*
ewinkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Jarrett L. Ellzey\*
jarrett@hughesellzey.com
HUGHES ELLZEY, LLP
Galleria Tower I
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
Tel: 713.554.2377
Fax: 888.995.3335

\**Pro hac vice* admission to be sought.

*Attorneys for Plaintiff and the Putative Classes*

## **CERTIFICATE OF SERVICE**

      I, David P. Healy, an attorney, hereby certify that on September 29, 2016, I served the above and foregoing to by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                                  s/ David P. Healy